Burt A. GOTTFREDSON, Petitioner,

v.

UTAH STATE RETIREMENT BOARD, Respondent.

No. 900255–CA.

Court of Appeals of Utah.

March 20, 1991.

William G. Gibbs and Charlotte K. Wightman (argued), Allen, Nelson Hardy & Evans, Salt Lake City, for petitioner.

Mark A. Madsen (argued), and Kevin A. Howard, Utah State Retirement Bd., Salt Lake City, for respondent.

Before BILLINGS, GARFF and RUSSON, JJ.

## OPINION

GARFF, Judge:

Petitioner, Burt A. Gottfredson, appeals from an order of the Utah State Retirement Board dismissing his petition to withdraw his retirement application. Petitioner presents several issues on appeal, of which we consider two:[1] (1) whether the Board erred in its interpretation of Utah Code Ann. § 49–1–603(1) (Supp.1990), and (2) whether the Board had an affirmative duty to inform petitioner of proposed legislation which could substantially affect his benefits. We affirm the Board's decision.

## FACTS

On November 30, 1989, petitioner filed a retirement application stating a proposed effective retirement date of February 1, 1990. On February 14, 1990, when petitioner learned of pending legislation which could substantially increase his retirement benefits, he requested that his application be withdrawn. On February 15, 1990, the Board received evidence of petitioner's termination of employment from the State Insurance Office. After a formal hearing, Gottfredson's petition to withdraw his retirement application was dismissed by an order dated March 31, 1990. This order was adopted by the Board on April 11, 1990, and this appeal followed.

■ The standard of review on an appeal from final agency action dealing with statutory interpretation presents an issue of law, and we therefore apply a correction-of-error standard, where we extend no deference to the agency's conclusions. *El-*

*dredge v. Utah State Retirement Bd.,* 795 P.2d 671, 675 (Utah Ct.App.1990).

■ We first consider whether the Board erred in its interpretation of Utah Code Ann. § 49–1–603(1) (Supp.1990). This section, in pertinent part, states: "After the date of retirement, which shall be set by a member in the member's application for retirement, no alteration, addition, or cancellation of a benefit may be made...." Utah Code Ann. § 49–1–603(1) (Supp.1990).

Petitioner reasons that the reference to a member's retirement application in section 49–1–603(1) ties the provision to Utah Code Ann. § 49–2–401(1) (1989) and that, therefore, the conditions of section 49–2–401(1) must be met before the provisions of section 49–1–603(1) apply.

Petitioner contends that section 49–2–401(1) lists three preconditions which must be met before a person can qualify for retirement benefits: (1) a person must have applied in writing to the retirement office stating a proposed effective date of retirement; (2) a person must actually terminate employment; and (3) a person must provide evidence of termination. Under petitioner's theory, he should have been allowed to cancel his application up until the effective date stated in the application (February 1, 1990), or the date that the three preconditions were satisfied (February 15, 1990), whichever came later, thereby allowing him to withdraw his application on February 14, 1990.

We find that the language of section 49–2–401(1) is not conditional. Rather, it merely specifies the administrative requirements that must be complied with before benefits will be paid. The next subsection, 49–2–401(2), specifies what conditions qualify a person for retirement.

We find no merit in petitioner's argument. It is a fundamental principle of statutory construction that "unambiguous language in the statute itself may not be interpreted so as to contradict its plain meaning." *Johnson v. Utah State Retirement Bd.,* 770 P.2d 93, 95 (Utah 1988). We

---

1. As is our discretion, we decline to analyze other, nonmeritorious issues raised by petition-

er on appeal. *State v. Carter,* 776 P.2d 886, 888 (Utah 1989).

find nothing ambiguous in the language of section 49–1–603(1). It specifically states that the date of retirement after which no cancellation of a benefit may be made "shall be set by a member in the member's application for retirement." We also find that benefits accrue on the retirement date specified in the application.

In the present case, petitioner established on his retirement application his retirement date as February 1, 1990, which date also determined when his benefits would start to accrue. Therefore, under section 49–1–603(1), no alteration, addition, or cancellation of petitioner's benefits could be made after February 1, 1990. Because petitioner's request to cancel his application was not made until February 14, 1990, the Board acted properly in refusing his request.

■ The second issue is whether the Board had an affirmative duty to inform the petitioner of proposed legislation which, if passed, could substantially affect his benefits. We find neither statutory nor common-law support for such an onerous "duty."

We agree with the dismissal of petitioner's request and find the Board had no duty to inform petitioner of proposed legislation.

Affirmed.

BILLINGS and RUSSON, JJ., concur.