2019 UT App 88

## THE UTAH COURT OF APPEALS

REED SCOTT WATERFALL,
Petitioner,

*v.*

RETIREMENT BOARD AND
UTAH RETIREMENT SYSTEMS,
Respondents.

Opinion
No. 20180192-CA
Filed May 23, 2019

Original Proceeding in this Court

Michael V. Houtz and Keith M. Backman, Attorneys
for Petitioner

David B. Hansen and Erin G. Christensen, Attorneys
for Respondents

JUDGE KATE APPLEBY authored this Opinion, in which
JUDGES RYAN M. HARRIS and DIANA HAGEN concurred.

APPLEBY, Judge:

¶1     Reed Scott Waterfall seeks judicial review of Utah Retirement Systems' (URS) calculation of his benefits as a justice court judge for South Ogden City (City) from 1992 to 2012. We approve Utah State Retirement Board's (Board) determination that Waterfall was a part-time employee during the relevant period.

BACKGROUND

¶2    Waterfall was employed as a justice court judge in the City from 1992 to 2012.[1] In April 2012, the city director of finance reported to URS that "Judge Waterfall has always been part-time" while working for the City (2012 Report). Based on this representation, URS planned on calculating Waterfall's retirement benefits based on his part-time employment status with the City.

¶3    Waterfall disputed the calculation of his benefits by filing a request for board action in 2013. He argued that the part-time determination was incorrect and he should have been considered a full-time employee for the City. A hearing on the issue was held in 2015. At the hearing, the hearing officer considered the 2012 Report indicating Waterfall was part-time, as well as a subsequent letter dated March 2015 (2015 Letter) from the city manager (City Manager) indicating that Waterfall actually worked full-time for the City. The hearing officer also heard testimony from Waterfall on the issue. Based on the evidence presented, the hearing officer issued findings of fact and conclusions of law denying Waterfall's request to be considered a full-time employee for the City. The Board approved the findings of fact and conclusions of law entered by the hearing officer and denied Waterfall's petition for reconsideration.

¶4    In November 2016, Waterfall notified URS that he retired.[2] Throughout 2016 and the beginning of 2017, Waterfall communicated with URS regarding the calculation of his retirement benefits. In 2017, Waterfall filed his retirement

---

1. During his career, Waterfall was also employed as a justice court judge in Roy City and other jurisdictions.

2. Waterfall stopped working for the City in 2012. The record is unclear from where Waterfall retired in 2016.

application and attached the 2015 Letter, which stated he was a full-time employee for the City. In response URS told Waterfall that his benefit would be calculated based on the Board's determination that he was a part-time employee. Waterfall then provided URS with a second letter dated January 2017 (2017 Letter), again signed by City Manager, "reaffirming" Waterfall was a full-time employee for the City during the relevant period.

¶5   URS was unsure how to interpret the conflicting information regarding Waterfall's employment status and asked the city attorney (City Attorney) for a response. City Attorney notified URS that the City's position was that the 2015 and 2017 letters from City Manager "should be withdrawn" and the 2012 Report should "be deemed the official response as to Mr. Waterfall's employment status." Based on City Attorney's response and its own previous determination after a hearing that Waterfall worked part-time for the City, URS calculated Waterfall's retirement benefits based on part-time employment.

¶6   In October 2017, Waterfall filed a second request for board action challenging URS's calculation of his benefits based on this part-time employment certification. URS filed a motion to dismiss arguing that res judicata barred Waterfall's claim and that he failed to establish he was a full-time employee. URS argued Waterfall could not be considered full-time because City Attorney's letter indicated he was part-time and withdrew prior letters indicating he was full-time. The hearing officer granted the motion to dismiss. The Board affirmed the dismissal of Waterfall's petition.

¶7   Waterfall seeks judicial review of the Board's dismissal of his petition.


ISSUE AND STANDARD OF REVIEW

¶8   The issue under review is whether the Board properly granted URS's motion to dismiss on the ground that Waterfall

did not meet the statutory requirements to be considered a full-time employee of the City during the relevant period.[3] On "review of an agency's formal adjudicative proceedings, we treat the Board's dismissal of [Waterfall's] petition as analogous to a court's dismissal of a complaint pursuant to a . . . motion for failure to state a claim" under rule 12(b)(6) of the Utah Rules of Civil Procedure. *Adkins v. Board of Oil, Gas & Mining*, 926 P.2d 880, 882 (Utah 1996) (quotation simplified). "Therefore, we grant no particular deference to the Board's legal conclusions." *Id.* (quotation simplified). "[W]e accept all facts alleged as true, and indulge all reasonable inferences in favor of the non-moving party." *O'Hearon v. Hansen*, 2017 UT App 214, ¶ 10, 409 P.3d 85 (quotation simplified).

¶9     This case requires us to review the Board's application of relevant statutes in the Utah State Retirement and Insurance Benefit Act. *See* Utah Code Ann. §§ 49-11-101 to -23-601 (LexisNexis 2015). "We review the Board's application or interpretation of a statute as a question of law under the correction-of-error standard." *Whitaker v. Utah State Ret. Board*, 2008 UT App 282, ¶ 10, 191 P.3d 814 (quotation simplified).

ANALYSIS

¶10     Waterfall argues his petition should not have been dismissed because the City considered him a full-time employee at the time of his retirement and URS had no authority to change the certification. He contends URS was required to accept the 2015 Letter as the final certification from the City regarding his employment status.

---

3. Waterfall also argues his petition should not have been dismissed under res judicata. We do not reach this issue because we approve the Board's decision to dismiss Waterfall's petition on the alternative ground that he did not meet the statutory requirements to be considered a full-time employee.

¶11 Utah Code section 49-13-406 provides, "A justice court judge who has service with more than one participating employer shall be considered full-time by the office for a period of service in which the judge is certified as full-time by: (i) a participating employer; or (ii) the Administrative Office of the Courts . . . ." Utah Code Ann. § 49-13-406(3)(a) (LexisNexis 2015).[4] Waterfall argues that the word "shall" in the statute binds URS to accept the 2015 Letter as the certification of his employment status for the City. He contends the 2017 Letter from City Attorney is irrelevant because URS received the letter after his retirement date. URS argues Waterfall lacks proper certification of full-time employment because City Attorney withdrew City Manager's letters indicating he was a full-time employee.

¶12 Utah Code section 49-11-607 addresses the problem that arises when there are errors or disputes in an employee's records. After an employee retires, alterations, additions, and cancellations of benefits are not allowed except under the following circumstances: (1) if there are "[e]rrors in the records or in the calculations of the office which result in an incorrect benefit to any member," (2) if there are "[e]rrors in the records or calculation of a participating employer which result in an incorrect benefit to a member," or (3) "[i]f a dispute exists between a participating employer and a member at the time of the member's retirement." *Id.* § 49-11-607(1)–(4).

¶13 In this case, URS was presented with conflicting reports about Waterfall's employment status. Under section 49-11-607,

---

4. The statute does not make clear who is authorized to speak for the judge's "employer." It also does not articulate guidelines for what constitutes full-time and part-time employment. It may be advisable for the legislature to specify exactly who is authorized to speak for a justice court judge's municipal employer in this context, and to set out clear guidelines for what constitutes full-time and part-time employment.

URS may fix errors in, and resolve disputes about, the calculation of benefits even after an employee retires. That is what happened here. After URS contacted the City regarding the conflicting reports, City Attorney responded and said the City's official response was that Waterfall was a part-time employee. URS was thus able to correct the error and resolve the dispute over whether Waterfall was a part-time or full-time employee.

¶14    Waterfall relies on *Gottfredson v. Utah State Retirement Board* to support his position that benefits are fixed at retirement and cannot be changed after that date. 808 P.2d 153 (Utah Ct. App. 1991). In *Gottfredson*, the petitioner filed a retirement application, then after his established retirement date had passed, he learned about pending legislation that would increase his benefit and tried to rescind his application. *Id.* at 154. This court determined the Board properly refused his request because, after the established retirement date had passed, "no alteration, addition, or cancellation of [his] benefits could be made." *Id.* at 155 (citing the relevant provisions of the Utah Code). But our decision in *Gottfredson* does not support Waterfall's position in this case. Again, while it is generally true that an employee's benefits become fixed at the time of retirement, URS retains the ability to ensure the benefit is correct under the exceptions listed in Utah Code section 49-11-607. We approve the Board's dismissal of Waterfall's second request for board action.

CONCLUSION

¶15    The Board properly dismissed Waterfall's petition because URS had the ability to correct City Manger's error and resolve the dispute regarding whether he was a part-time or full-time employee. We therefore decline to disturb URS's calculation of his benefits, or its decision to treat Waterfall as a part-time employee.

———————